USAO 2018R00288

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 AUG 23 PM 4: 56

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. RDB-18-0443 |
| v. | * |
| | * (Theft of Government Property, |
| TERESA ANN MAXFIELD, | * 18 U.S.C. § 641; Aggravated Identity Theft, |
| | * 18 U.S.C. § 1028A; Aiding and Abetting, |
| Defendant | * 18 U.S.C. § 2; Forfeiture Notice) |
| | * |
| | * |

\*\*\*

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Indictment:

1. The Office of Personnel Management ("OPM"), Pursuant to Title 5 of the United States Code, had administrative and oversight authority over the Civil Service Retirement System ("CSRS"). Employees who received retirement benefits were known as annuitants. Any employee whose federal service commenced on or before December 31, 1986 had retirement coverage under the CSRS. Retirement annuity benefits were generally issued directly to retirees; however, the CSRS also permitted the issuance of survivor annuity benefits, which allowed for ongoing payments to a spouse or other dependent after a retiree died. Upon the death of a retiree, recurring monthly payments were made to a surviving spouse if the retiree elected a reduced annuity while alive in order to provide for survivor annuity benefits after death. The entitlement to survivor annuity benefits, like retirement annuity benefits, ceased upon the death of the surviving spouse or dependent.

1

2. **TERESA ANN MAXFIELD** ("**MAXFIELD**") collected and spent her deceased mother's CSRS annuity payments from February 2012 to February 2016, at times posing as her deceased mother, resulting in a loss to the United States Government of approximately $78,000.

3. **MAXFIELD**'s mother, H.B., began receiving CSRS retirement annuity benefits payments in 1984, and upon her husband's death in 1985, survivor annuity benefits payments.

4. In 2016, as a result of an audit in which OPM annuity beneficiary rolls were compared with death records maintained by the Social Security Administration, OPM's Office of the Inspector General ("OIG") learned that H.B. was likely deceased, but was still receiving CSRS benefits payments by way of direct deposits totaling approximately $1,867 per month.

5. OIG agents obtained records from the bank into which the CSRS benefits payments were being deposited and located a signature card in the name of **MAXFIELD** among the records. Agents also obtained a death certificate confirming that H.B. died on February 12, 2012, and that **MAXFIELD** was the informant.

6. Bank records indicate that the annuity funds were routinely exhausted from the account shortly after OPM deposited them, by cash withdrawals, debit card transactions, or checks. In particular, **MAXFIELD** spent the funds, on, among other things, collect calls, purchases made using her Facebook account, and the mortgage and utilities for the home in which she resided.

7. Bank records also indicate that on or about May 31, 2014, **MAXFIELD** wrote a check in the amount of $277.70 to Wells Fargo to make a payment on her auto loan, and signed the check in the name of H.B.

## The Charge

8. Between in or about February 2012 and in or about February 2016, in the District of Maryland, the defendant,

**TERESA ANN MAXFIELD,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, money of the United States, whose value exceeded $1,000, namely CSRS retirement and survivor annuity benefits payments, to which she was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 7 of Count One of the Indictment are incorporated by reference herein.

2. On or about May 31, 2014, in the District of Maryland, the defendant,

**TERESA ANN MAXFIELD,**

did knowingly use, without lawful authority, a means of identification of another person, that is, the name and signature of H.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, theft of government property in violation of 18 U.S.C. § 641 as charged in Count One of this Indictment,.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. As a result of the offense set forth in Count One of the Indictment, the Defendant,

**TERESA ANN MAXFIELD,**

shall forfeit to the United States any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of any such violation.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or,

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, that is, approximately $78,201.56.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

8/23/18
Date